

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable V. C. Marshall, Administrator
State Soil Conservation Board
Professional Building
Temple, Texas

Dear Sir:

Opinion Number 0-2249
Re: Construction of H.B. 20, Acts
of the Forty-sixth Legislature,
Regular Session, as to authority
for the issuance of bonds or levy-
ing of taxes by an approved Soil
Conservation District created
pursuant to such Act.

We have your letter of April 17, in which you submit the fol-
lowing question for our consideration and opinion:

"Does the State Soil Conservation Law, as enacted by the Forty-
sixth Legislature (H.B. #20) authorize the issuance of bonds or
levying of taxes by an approved Soil Conservation District?"

In Subsection (d), Section 2 of the Act, it is declared to
be the policy of the Legislature to provide for the conservation of soil
and soil resources of this State and thus to carry out the mandate ex-
pressed in Article 16, Section 59, Constitution of Texas. The legis-
lative authority for the creation of such districts as contemplated
by the Act is therefore predicated upon that article of the Constitu-
tion from which we quote, in part, Subsection (a) of Section 59:

"The conservation and development of all of the natural re-
sources of this State * * * are each and all hereby declared pub-
lic rights and duties, and the Legislature shall pass all such
laws as may be appropriate thereto." (Underscoring ours).

It is evident that the Legislature has undertaken to provide
legal machinery for the conservation and reclamation of soil by the
enactment of House Bill 20. Subsection (b) of Section 59, Article 16
of the Constitution, reads as follows:

"There may be created within the State of Texas, or the State
may be divided into such number of conservation and reclamation
districts as may be determined to be essential to the accomplish-
ment of the purposes of this amendment to the Constitution, which

districts shall be governmental agencies and body politic and corporate, with such powers of government and <u>authority</u> <u>to</u> <u>exercise</u> <u>such</u> <u>rights</u>, <u>privileges</u> <u>and</u> <u>functions</u> <u>concerning</u> <u>the</u> <u>subject</u> <u>matter</u> <u>of</u> <u>this</u> <u>amendment</u> <u>as</u> <u>may</u> <u>be</u> <u>conferred</u> <u>by</u> <u>law</u>." (Underscoring ours).

It is apparent from a reading of the Act that the Legislature has endeavored to provide a method by which soil conservation districts may be created pursuant to the provisions of Subsection (b) of Section 59 of Article 16, above quoted. The Act itself enumerates the rights, privileges and functions concerning the subject matter which the Legislature intended to confer in response to that part of the provision which says "may be conferred by law".

Subsection (c), Section 59, reads, in part, as follows:

"The Legislature shall authorize all such indebtedness as may be necessary to provide all improvements and the maintenance thereof requisite to the achievement of the purposes of this amendment, and shall also authorize the levy and collection within said district all such taxes equitably distributed as may be necessary for the payment of the interest and the creation of a sinking fund for the payment of such bonds * * *".

This section confers the power upon the Legislature, if in its wisdom such power should be exercised, to authorize the creation of debt and the levy of a tax for the purpose of creating a sinking fund for the payment of such bonds and the retirement of the interest as it accrues thereon.

It will be noted that the provisions of Section 59, Article 16, are not self-enacting, and that by the terms thereof the Legislature is charged with the duty of enacting laws appropriate thereto. House Bill 20 represents the Legislature's response to the duty imposed by this constitutional amendment. Such rights, privileges and powers as are conferred by the Act must be considered to represent all of the powers the Legislature intended to confer upon such districts. After a careful reading of the Act we reach the conclusion that none of the provisions of House Bill 20, Acts of the Forty-sixth Legislature, Regular Session, authorizes the issuance of bonds or the creation of debt in any form or the levying of taxes for any purpose.

If such powers are to be construed from the Act, it must be by implication, and in view of the terms of Article 16, Section 59, directing that the Legislature shall expressly pass such laws as may be appropriate to the accomplishment of the purposes enumerated under this section, we are of the opinion that no implication can be drawn from the language used which would operate in any way to authorize the issuance of bonds or the levying of taxes in any form. The Constitution

declares the organic law of the State and generally comprises the rules and maxims in accordance with which the powers of sovereignty are exercised, and where such constitutional provisions direct the Legislature to enact laws pursuant thereto, insofar as the Legislature does act, the resultant statute becomes the law of the land. See Cox vs. Robison, 150 S.W. 1149.

Section 7 of House Bill 20 enumerates the powers of the district and its supervisors, but the language used meticulously avoids the mention of the creation of debt in any form or the levy of any kind of a tax.

You are, therefore, advised that in our opinion House Bill 20, Acts of the Forty-sixth Legislature, Regular Session, does not authorize the issuance of bonds or the levy of a tax.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s-lm

APPROVED MAY 8, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY /s/ BWB
CHAIRMAN